By the Court.—Curtis, Ch. J.
—This case differs in some respects from that of Peyser v. Mayor, &c. of N. Y., recently decided in the court of appeals, and reversing the decision of the general term reported in 8 Hun, *350 413. In the present case the plaintiff testifies, that he would not have paid these assessments, if it had not been required in order to obtain a loan upon a mortgage of his lease ; that no notice was given him by the city to pay them, or warrant for their collection served upon him that he was aware of. As far as can be gathered from the evidence, it appears that the city had failed to advertise the proceedings to impose the assessments, and that they were laid without jurisdiction or authority. These defects must have been apparent on the face of the record, and probably constituted the ground on which they were vacated. Again, as these assessments were laid against the plaintiff’s landlord only, the owner in fee by name, no warrant could issue to collect the assessment by levy, except against the goods of the landlord, the person assessed.
The law does not favor the theory, that a person may without inquiry and without resistance pay a demand madqupon him in good faith, and then, at a future time, when his opponent may be perhaps without evidence, sue to recover back the money paid on the ground that the original demand was illegal.
However equitable and just it may seem at the first glance, that restitution should • be compelled under such circumstances, the protection of the general welfare of the public requires that the person upon whom the demand is made should make a reasonable inquiry as to the nature and basis of it, and then resist it, unless he is satisfied of its legality or is compelled by coercion in fact or law to pay it involuntarily. The enforcement of this principle tends to lessen litigation, and, as far as it relates to payments of taxes and assessments, is of vital consequence to municipal corporations. A departure from it tends to relax that jealous inquiry and watchfulness with which those who contribute the payment of public imposts should guard their own rights. When hundreds of persons prefer *351 to pay their share of a void assessment without inquiry or examination, leaving to some one else to examine it and have it vacated, intending as soon as it may be vacated to sue and recover back from the municipal corporation what they have paid, a great injury to the individual and to the public is fostered. Oppressive and unnecessary assessments, under such circumstances, are silently and without restraint or watching, imposed upon the public, and when vacated by the courts in the interest of justice at the action of some one resisting party, a multitude of suits are brought to recover back moneys that have been paid without inquiry and without resistance and to the public loss.
It is in strict accordance with equity and justice, and that too, in behalf of the individual as well as the public, that the exercise of some degree of watchfulness, of inquiry and of resistance in respect to the imposing and collecting of assessments should be required of the person illegally assessed, and that something more should be required than to simply pay it, and then to recover it back with the additional burden of costs, to be paid by the public.
In the present case the plaintiff, without notice to pay, and not himself the person assessed or liable to have his goods levied upon, and under no legal obligation towards his landlord to pay this assessment, void upon its face, and without the slightest inquiry or resistance, and apparently without the knowledge and request of his landlord, but purely and simply to obtain an advantage personal to himself in procuring a loan by a mortgage on his lease, sends voluntarily and pays it willingly and without any objection or dissent.
In these last enumerated circumstances the case appears to vary from that of Peyser v. Mayor, &c. It would be inconsistent with the views expressed, and the principles carefully considered by the learned judge rendering the opinion of the court of appeals in *352 that case, to sustain the claim of the plaintiff to recover in this action.
The judgment appealed from should be affirmed, with costs.
Freedman, J., concurred.